UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:22-cr-00040-JRS-TAB |
| | ) | | |
| TOKUMBUH ADEOGUN, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

## REPORT AND RECOMMENDATION

On January 13, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 17, 2025. Defendant Adeogun appeared in person with his appointed counsel from the Federal Community Defenders, Bill Dazey. The Government appeared by Assistant United States Attorney Adam Eakman. U.S. Probation appeared by Officer Martin Burtt.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Adeogun of his rights and provided him with a copy of the petition. Defendant Adeogun orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Adeogun admitted to violation number 1 in the petition dated December 17, 2025. The Government orally moved to withdraw the remaining violations (#2 - #4 in petition dated December 17, 2025, and #5 - #6 in previous petition dated September 2, 2025), which motion was granted by the Court.

3. The allegations to which Defendant Adeogun admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court"** |

As previously reported to the Court, Mr. Adeogun tested positive for cannabinoids on January 18, 2022, October 14, 2022, March 10, 2023, January 25, 2024, March 29, 2024, As noted in previous violation petitions, Mr Haskins tested positive for PCP on February 27, 2024, as well as November 14, September 25, August 21, August 15, August 2, July 20, July 5, and January 5, 2023. On September 25, February 6, and January 5, 2023, October 15, 2024, November 27, 2024, February 14, 2025, April 2, 2025, and August 28, 2025. Mr. Adeogun admitted to using marijuana on each occasion, with the exception of the October 15, 2024, screen, in which he reported he believed the positive result was from his use of Delta 8 gummies, and the August 28, 2025 screen, in which Mr. Adeogun admitted to smoking Delta 9 on August 27, 2025.

Additionally, on December 4, 2025, Mr. Adeogun tested positive for cannabinoids. He denied any use of cannabinoids and the sample was sent for confirmation. On December 11, 2025, the probation office received confirmation that Mr. Adeogun's sample was positive for the marijuana metabolite. On December 15, 2025, Mr. Adeogun again denied any use of cannabinoids.

4. The Parties stipulated that:

  (a) The highest grade of violation is a Grade C violation.

  (b) Defendant's criminal history category is I.

  (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months of imprisonment.

5. The Parties jointly recommended a sentence of 5 months imprisonment with no supervised release to follow. The Parties jointly recommended that Defendant be granted the ability to self-surrender to the Bureau of Prisons pending a designation order.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions as admitted in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of 5 months with no supervised release to follow.

7. The Court granted the Parties' request for Defendant to be allowed to self-surrender, pending the designation order from the Bureau of Prisons. Defendant was informed that while his designation order is prepared, **Defendant remains under all current conditions of release. Defendant stated he understood. Any violation of those conditions or any new violations shall promptly be brought directly to the attention of the undersigned Magistrate Judge and will result in prompt action by the Court.**

8. The parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 1/13/2026

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system